White, J.
 

 delivered the following opinion.
 

 This was an action of trespass
 
 quare clausum fregit,
 
 commenced by John Blair against Duncan and Mils
 
 ;
 
 upon the trial in the circuit court, they wished to prove a title to the land (on which the trespass was supposed to have been committed) in Robison, under whom they claimed a right to do the acts complained of. With a view to establish the title, they offered in evidence a copy of Robison’s grant from the register’s office, a copy of the same grant from the secretary’s office of North Carolina, a copy of the warrant on which the grant issued, a copy of the survey, and a copy of a book called an abstract of the entries of Carter’s office.
 

 The counsel for the plaintiff, Blair, admitted, that the entry book of Carter’s office was lost or destroyed—But still, objected to the reception of these documents as evidence.—The circuit court supported the objection ; the evidence was not received ; to this opinion of the court exception was taken, and the jury having found a verdict for the plaintiff (Blair) the cause has been removed into this court
 
 ;
 
 now the question is whether the circuit court erred in rejecting this evidence.
 

 It is believed the law is clearly settled at the present day, that in an action like the present, a defendant can, under the plea of not guilty, prove a title to the land on which the trespass is supposed to have been committed, and thus prevent a recovery of damages against him.
 
 (a)
 
 But in the present case there is a special plea of justification.
 

 It has been argued on behalf of Blair, that no evidence of the entry on which Robison’s grant is founded, could be received in an action of trespass;
 

 
 *214
 
 It is conceived that the law is bow settled in this state, that either party may, in an action of ejectment, give in evidence a copy of the entry on which the grant is founded, provided the entry on its face is such a one as our laws denominate a special entry. No reason is discovered, why it should not with equal propriety be received in this action. They are each actions at law ; in each, the title to land can be tried. It is true, that in one, the plaintiff recovers nominal damages and possession; in the other, he only recovers damages for the trespass—But would it not be strange to permit a plaintiff to recover damages for a trespass on land, because the defendant cannot give in evidence a copy of his entry, and there refuse him a recovery of the land itself, because the defendant can give such copy in evidence ? It is believed, the law, on this point would be the same in each case.
 

 Again, it has been insisted, that the evidence offered was rightfully rejected ; because the copy of the location would be better evidence of the entry than the evidence offered.
 

 This is not our opinion. The location is the written description of the land intended to be entered. It is the party himself who gives this description, furnishes the entry taker with it, and from this description the entry is to be made on the record. The party might write this description and no entry be made. But the issuance of the warrant, presupposes the entry actually made by the public officer, whose duty it was, when issuing the warrant to put a copy of the entry in its face. To say the least of this point, we are of opinion that the evidence offered, was of equal dignity, with a copy of the location.
 

 It has been further insisted, that no evidence whatever can be received to prove the existence of an entry, but a copy taken from the record itself, and certified by the entry taker.
 

 It is certainly true, that while the record existed, a copy from it would have been requisite, but when it is either lost or destroyed, we must either admit evidence in its nature interior to this, or the rights of individuals win be lost.
 

 The rule of law is, that the party shall produce the best evidence in his power.
 

 When the record is destroyed, a copy from it cannot be produced, unless the party had previous to its destruction,
 
 *215
 
 furnished himself with one ; which is very seldom the case. Shall the party then, lose his right, on account of an accident, which was not occasioned by any act or neglect of his ? It is conceived not. He must be allowed to use such evidence, as it is in his power to produce; if that evidence satisfies the court and jury of the truth of she fact he wishes to establish, he ought to have his right, as much as if he had made it evident, by a copy from the record. A contrary doctrine would destroy the right of every first enterer, unless he was likewise the first grantee ; which is frequently not the case.
 

 Upon these grounds, it seems to me, that the circuit courterred, and that its judgment ought to be reversed.
 

 (a)
 

 1 T. R.
 
 479, 7
 
 T. R. 354.